CRAIN, Judge.
We rendered an opinion in this suit for damages resulting from personal injuries on May 28, 1993. Jenkins v. State, Department of Transportation and Development, 619 So.2d 1188 (La.App. 1st Cir.1993). In that opinion we determined fault and assessed general and special damages. We also applied the $500,000 limitation on damages provided for by law on judgments against the State.
Subsequent to our decision in this case the Louisiana Supreme Court declared the $500,-000 limitation of damages unconstitutional. Chamberlain v. State Through Department of Transportation and Development, 624 So.2d 874 (La.1993).
On October 15, 1993, the Louisiana Supreme Court, 625 So.2d 1050, disposed of a writ application in this case as follows: “Granted. Reversed insofar as the limitation of damages. Remanded for reconsideration in light of Chamberlain v. State, 93-C-0472.” Consequently, the only issue left for this court to resolve[1] is the excessiveness[2] of the general damage award without the $500,000 limitation.
The trial court awarded $3,000,000 in general damages. In our original opinion we considered an assignment of error related to future medical and life care costs. Therein we outlined extensively the nature and extent of plaintiffs injuries. Jenkins v. State, 619 So.2d at 1200-1201. Based upon the injuries sustained we cannot say the trial judge abused his “vast” discretion in awarding $3,000,000 in general damages. Hae Woo Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
The general damages awarded by the trial court are affirmed. Costs in the sum of $907.00 are to be paid by appellant.
ON REMAND GENERAL DAMAGE AWARD AFFIRMED.

. A letter from the clerk of the supreme court to the district court and attorneys for the litigants indicated this matter was remanded to the district court. Several inquiries to that office have elicited no response. However, it appears the remand is to this court. The trial court originally set the general damages and refused to apply the limitation. This court applied the limitation and so did not review general damages leaving that the only unresolved issue. Consequently, it appears logical that the remand must be to this court. To avoid further unnecessary delays in resolution of this litigation that is the position we adopt.

. Inadequacy of the award has not been cited as error.